**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ORIN KRISTICH,

    Defendant - Appellant.

No. 24-2137
(D.C. No. 1:18-CR-02635-WJ-KRS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Orin Kristich, a federal prisoner proceeding pro se, appeals the district court's

denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2018, the government charged Mr. Kristich with one count alleging he

knowingly persuaded, induced, enticed, and coerced a minor to travel in interstate

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

commerce to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(a).

Mr. Kristich pled guilty, and the district court sentenced him to 120 months in prison,

which was below the advisory Guidelines range of 151–188 months.

In 2024, Mr. Kristich moved for a sentence reduction under § 3582(c)(1)(A),

commonly called compassionate release.  As relevant here, the statute provides that,

on motion, a district court "may reduce the term of imprisonment . . . after

considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are

applicable," but only "if it finds that . . . extraordinary and compelling reasons

warrant such a reduction . . . and that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A)(i).

The district court construed the motion as asserting two bases for relief:

(1) Mr. Kristich had been diagnosed with a terminal illness and (2) a correctional

officer had abused him.  *See* U.S. Sent'g Guidelines Manual §§ 1B1.13(b)(1)(A),

(b)(4)(B) (U.S. Sent'g Comm'n 2023).  The district court determined Mr. Kristich

failed to prove extraordinary and compelling reasons justifying compassionate

release.  He supplied no evidence that his medical circumstances were terminal and

nothing in the record demonstrated an incident of abuse that either caused serious

bodily injury or had been established by criminal conviction, civil liability, or a

finding in an administrative proceeding, as required under § 1B1.13(b)(4).  The court

also ruled the § 3553(a) sentencing factors counseled against compassionate release

given the seriousness of his conviction, the need to deter future misconduct, the

established sentencing range, and the need to avoid sentencing disparities.

Mr. Kristich timely appealed.[1]

## II

We review a district court's order denying a § 3582(c)(1)(A) motion for an abuse of discretion. *See Bradley*, 97 F.4th at 1218. Because Mr. Kristich represents himself, we afford his pro se filings a liberal construction, but we may not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (internal quotation marks omitted). "One such exception is contained in 18 U.S.C. § 3582(c)(1)." *Id.* (brackets and internal quotation marks omitted). Based on § 3582(c)(1)(A)(i)'s prerequisites, this court has adopted a three-step test for district courts to apply when determining whether to grant a motion for compassionate release. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). At step one, "a district court must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* (brackets and internal quotation marks omitted). At step two, "a district court must find whether such reduction is consistent with applicable

---

[1] Mr. Kristich filed his notice of appeal several days late, but on a limited remand, the district court found good cause to extend the filing deadline by 30 days. *See* Fed. R. App. P. 4(b)(4).

policy statements issued by the Sentencing Commission." *Id.* (emphasis, brackets, and internal quotation marks omitted). And at step three, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (brackets and internal quotation marks omitted). A district court must address all three steps before it may *grant* a compassionate-release motion, but it may *deny* such a motion "when any of the three prerequisites listed in § 3582(c)(1)(A)[(i)] is lacking and do[es] not need to address the others." *Id.* at 1043 (internal quotation marks omitted).

Mr. Kristich argues the district court abused its discretion in determining he failed to establish extraordinary and compelling circumstances. *See* § 3582(c)(1)(A)(i). But he develops no argument that the district court erred in its alternative and independently dispositive ground for denying relief—that the § 3553(a) factors counseled against granting compassionate release. He advances only the summary assertion that the district court "did not consider the totality of the circumstances when weighing the § 3553(a) factors in this case." Aplt. Opening Br. at 2. That is inadequate to permit appellate review. *See Garrett*, 425 F.3d at 841 (explaining that an appellate "brief must contain more than a generalized assertion of error, with citations to supporting authority," and that "[i]ssues will be deemed waived if they are not adequately briefed" (brackets, ellipsis, and internal quotation marks omitted)). Mr. Kristich's failure to adequately challenge that alternative ground, therefore, forecloses his success on appeal. As we have made clear, "[i]f the

4

district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020).

In any event, we discern no abuse of discretion in the district court's consideration of the relevant § 3553(a) factors. First, the court found Mr. Kristich's offense was "serious" because it involved "the transportation of a 13-year-old minor from Colorado to New Mexico for the purpose of engaging in illegal sexual activity." R. vol. I at 200 (internal quotation marks omitted); *see* § 3553(a)(1) and (a)(2)(A) (directing consideration of "the nature and circumstances of the offense" and whether the sentence imposed "reflect[s] the seriousness of the offense"). Second, the court determined that "granting early release from a mid-range sentence in a below-Guidelines plea would not provide just punishment or ensure adequate deterrence," as § 3553(a)(2)(A) and (B) require, but would instead "create a sentencing disparity" that § 3553(a)(6) directs sentencing courts to avoid. R. vol. I at 201.

Finally, Mr. Kristich claims the district court judge engaged in prejudicial "misconduct or disability" as evidenced by "statements that are just odd, strange, and irrational[,] or statements of an insane delusion on [the] part of" the court. Aplt. Opening Br. at 3 (capitalization omitted). But Mr. Kristich specifies no such statements, and our review indicates his allegation is unfounded.

**III**

We affirm the district court's denial of Mr. Kristich's § 3582(c)(1)(A) motion. We deny the government's motion to dismiss this appeal as untimely. *See supra*, footnote 1. We have considered Mr. Kristich's motion titled "Judicial Notice and Request" in which he seeks 60 days to (1) review documents purportedly containing new evidence supporting this appeal and a 28 U.S.C. § 2255 proceeding, and (2) file new claims, if necessary. We deny the motion because he offers no reason to deviate from our general rule that appellate review is limited to the record that was before the district court. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

Entered for the Court

Veronica S. Rossman
Circuit Judge